IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BARBARA KASS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17 C 06497 |
| | ) | |
| THE UNIVERSITY OF CHICAGO, | ) | Judge Robert W. Gettleman |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

## JOINT INITIAL STATUS REPORT

A. The initial status hearing is set for November 29, 2017, with this Joint Initial Status Report due on November 23, 2017.

B. The attorney for Plaintiff is David Latham. David Latham is the lead attorney and is expected to try the case. The attorneys for Defendant are Jeffrey Nowak, William R. Pokorny, and Karen L. Courtheoux. Bill Pokorny is the lead attorney, and all three attorneys are expected to try the case together.

C. Federal jurisdiction over this case is based on both federal question jurisdiction and diversity jurisdiction. This case involves a federal question under 28 U.S.C. § 1331 because Plaintiff brings a claim under the False Claims Act, 31 U.S.C. §§ 3729-33. The Court also has supplemental subject matter jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367. Jurisdiction also exists under 28 U.S.C. § 1332, as this is a dispute between citizens of different States, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

D. Plaintiff has requested a jury.

E. Plaintiff Barbara Kass ("Kass") alleges that her employment with Defendant The University of Chicago (the "University") was terminated on April 26, 2017 as a direct result of her objections to and refusal to participate in the scheme to prepare and submit a false and

misleading departmental budget that included unlawful use and allocation of federal grant money. Thus, this is an action by Kass for retaliatory discharge in violation of the False Claims Act, Illinois state law, and the University's own whistleblower policy.

The University denies the substantive allegations of the complaint and specifically denies that it terminated Kass's employment in violation of the False Claims Act, Illinois law, or any other applicable law or policy. The University further asserts the affirmative defense that Kass failed to mitigate her damages and the affirmative defense of setoff.

F. On her False Claims count, Plaintiff claims reinstatement, twice her lost back pay (including benefits), interest on the back pay, compensation for any special damages sustained, and attorneys' fees and litigation costs. Through December 2017, Kass's lost back pay claim is approximately $140,000. Double this amount is $280,000. Kass also seeks her full pension benefit which would have been paid had her employment not been wrongfully terminated. In addition, Kass seeks her attorneys' fees, prejudgment interest, and costs of suit which are ongoing and yet to be determined. Kass reserves the right to seek additional damages based on a fully developed record.

On her state law claims, Kass seeks her back pay (stated above). In addition, Kass seeks her attorneys' fees, prejudgment interest, and costs of suit which are ongoing and yet to be determined.

On her wrongful termination count, Kass seeks punitive damages to be determined by a jury.

G. All parties have been served.

H. The principal legal issues arise under 31 U.S.C. § 3730(h)(1) which states:

> Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter.

I. The principal factual issues are set forth in Paragraph E.

J. Pending the completion of discovery, neither party anticipates any motions.

K. Written discovery has not begun. The parties have exchanged Rule 26 initial disclosures. The parties agree that discovery should close July 31, 2018.

L. The parties agree that this case should be ready for trial by January 1, 2019. The parties anticipate a three-day trial.

M. Other than the exchange of a severance letter to Kass dated May 2, 2017 and a demand letter to the University of Chicago dated May 22, 2017, there have been no settlement discussions at this early stage of the case. The parties are amenable to discussing settlement, including the possibility of a settlement conference at an appropriate time.

N. The parties do not consent to trial before a magistrate judge at this time.

| BARBARA KASS, | THE UNIVERSITY OF CHICAGO, |
|---|---|
| By: /s/ David Latham | By: /s/ William R. Pokorny |
| One of her Attorneys | One of its Attorneys |
| David H. Latham (#6198792) | Jeffrey Nowak (#06270364) |
| Latham Law Offices | William R. Pokorny (#06275705) |
| Suite 1400 | Karen L. Courtheoux (#06303103) |
| 150 North Wacker Drive | Franczek Radelet P.C. |
| Chicago, Illinois 60606 | 300 South Wacker Drive |
| (312) 782-1910 | Suite 3400 |
| | Chicago, Illinois |
| | (312) 986-0300 |

**CERTIFICATE OF SERVICE**

David H. Latham certifies that a copy of Joint Initial Status Report was served upon:

Jeffrey Nowak
William R. Pokorny
Karen L. Courtheoux
Franczek Radelet P.C.
300 South Wacker Drive
Suite 3400
Chicago, Illinois

by electronic means on this 23rd day of November 2017.

                                                /s/ David Latham
                                                  David H. Latham